IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRITNEY JENA CAMPBELL                               PLAINTIFF

VS.                                                 CASE NO.: 4:16CV028-DMB-JMV

DELTA HEART AND VASCULAR CENTER, P.A.               DEFENDANT

## VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

COME NOW Plaintiff, Britney Jena Campbell (hereinafter "Plaintiff"), by and through counsel of record, and file this Complaint against her former employer, Delta Heart and Vascular Center, P.A., (hereinafter "Delta Heart" or alternatively "Defendant") for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"), and in support thereof states as follows:

### NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover overtime compensation, damages associated with an unlawful termination, liquidated damages, and reasonable attorneys' fees and costs from Defendant.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §216(b).

6. Venue is proper in this Court because Plaintiff either worked for Defendant within this District during the relevant time period subject to this Complaint, Defendant maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

7. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8. Plaintiff, Britney Jena Campbell, was a medical assistant who performed medical related activities for Defendant in Greenville, Mississippi and other locations.

9. Defendant, Delta Heart, is a company that operates and conducts business in and around Mississippi. It is headquartered in Washington County, Mississippi at 1421 E. Union Street Greenville, Mississippi 38703. Defendant maintains a separate business location in Cleveland, Mississippi.

## COVERAGE

10. At all material times hereto (2013 – 2016), Plaintiff was an "employee" within the meaning of the FLSA.

11. At all material times hereto (2013 – 2016), Defendant was the "employer" of Plaintiff within the meaning of the FLSA.

12. At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13. At all material times hereto (2013 – 2016), Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. At all material times hereto (2013 – 2016), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

15. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

16. At all material times hereto (2013 – 2016), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

17. At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that they:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

      d.      Communicated across state lines; and/or

      e.      Performed work essential to any of the preceding activities.

18. At all material times hereto (2013 – 2016), the work performed by Plaintiff was directly essential to the business performed by Defendant.

19. At all material times hereto (2013 – 2016), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

20. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

21. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

22. Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

23. Defendant operates a cardiology medical practice that provides heart related healthcare services to its patients.

24. Defendants earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

25. Plaintiff Britney Jena Campbell worked for Defendant as a medical assistant from approximately March 28, 2013 through January 4, 2016.

26. Plaintiff was classified as a non-exempt employee by Defendant and was paid by the hour at a regular rate of $11.50 per hour.

27. Plaintiff routinely worked over forty (40) hours in a given workweek; however, she was not compensated at a rate of time and one-half for those overtime work hours.

28. Specifically, Plaintiff worked an average of three (3) overtime hours per week during her employ with Defendant.

29. Rather than pay Plaintiff overtime compensation at a rate of time and one-half for her overtime work hours, Defendant implemented and maintained an illegal policy that only provided what Defendant characterized as "compensatory time" to Plaintiff for all overtime hours worked. *See* Exhibit "A".

30. Defendant's decision to convert Plaintiff's overtime hours to compensatory time hours in lieu of overtime pay violated the FLSA.

31. Plaintiff further alleges that Defendant did not even allow her to use the purported compensatory time that she accrued.

32. Additionally, Defendant also made illegal meal period deductions from Plaintiff's work hours, which also resulted in the failure to pay proper overtime wages.

33. At least once per week, Plaintiff was required to travel round-trip from her primary jobsite in Greenville, Mississippi to a secondary jobsite in Cleveland, Mississippi during the workday in furtherance of Defendant's business.

34. The above-referenced travel routinely occurred during Plaintiff's regularly scheduled lunch break. Although Plaintiff was not completely relieved of her work duties during these commutes in order to actually take a lunch, Defendant still chose to deduct an hour of Plaintiff's work time.

35. Defendant's actions in this regard also deprived Plaintiff of overtime compensation that she earned.

36. On or about November 5, 2015, Plaintiff, through counsel, made Defendant aware of her overtime concerns via written correspondence.

37. Immediately thereafter, Defendant began to subject Plaintiff disparate treatment that was adverse in nature.

38. Plaintiff was ultimately terminated by Defendant on January 4, 2016.

39. Plaintiff's termination was the direct result of her FLSA complaint to Defendant.

40. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

41. Defendant knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

42. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANT

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

44. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

45. During her employment with named Defendants Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

46. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

47. Defendant acted with direct control over the work, pay, and job duties of Plaintiff.

48. Defendant supervised and controlled Plaintiff's work schedule and/or conditions of employment.

49. Defendant determined Plaintiff's rate and method of payment.

50. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

51. As a result, Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

52. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

53. Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

54. Plaintiffs demand a trial by jury.

## COUNT II - RETALIATION AGAINST DEFENDANT

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

56. Plaintiff, through counsel, transmitted notice of her FLSA claim via letter, dated November 5, 2015.

57. In the letter, Plaintiff complained to Defendant and demanded payment of owed overtime.

58. As a result of her notice, Plaintiff was terminated from employment.

59. This has caused an adverse employment action against Plaintiff and she has suffered damages as a result of Defendant's retaliation.

60. Defendant discriminated against Plaintiff because she inquired about Defendant's failure to pay proper overtime pay.

61. Defendant's actions towards Plaintiff are discrimination and retaliation against Plaintiff in violation of 29 U.S.C. §215(a)(3).

62. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

63. Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and other benefits suffered by reason of Defendant's unlawful conduct, including interest on such back wages, together with costs and attorneys' fees, compensatory and emotional distress damage, and such further relief that this Court determines to be just and appropriate, including any and all injunctive relief this Court deems just and proper.

### COUNT III - DECLARATORY RELIEF AGAINST DEFENDANT

64. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

65. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists

66. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202

67. Plaintiff may obtain declaratory relief.

68. Plaintiff was individually covered by the FLSA.

69. Defendant failed to pay Plaintiff for all the hours worked.

70. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(l).

71. Defendant did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

72. Defendant did not rely on a good faith defense.

73. Plaintiff is entitled to an equal amount of liquidated damages.

74. It is in the public interest to have these declarations of rights recorded.

75. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

76. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

77. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so tribal as a matter of right by jury.

DATED, this the 11th day of February, 2016.

Respectfully Submitted,

**BRITNEY JENA CAMPBELL**
**PLAINTIFF**

*/s/ Christopher W. Espy*

**CHRISTOPHER W. ESPY, ESQ.**

Christopher W. Espy, Esq. (MSB#: 102424)
MORGAN & MORGAN, PLLC
188 East Capitol Street, Suite 777
Jackson, Mississippi 39211
Phone: 601-718-2087
Fax:    601-718-2102
Email: cespy@forthepeople.com

**ATTORNEY FOR PLAINTIFF**

I, Britney Jena Campbell, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Date: 2/5/16

*/s/ Britney Campbell*
**BRITNEY JENA CAMPBELL**
**PLAINTIFF**

10